3-16-0-2-7-1 People of the State of Illinois have been diagnosed with the low fever from carbon monoxide and have been found by Amber Hopkins. Good afternoon Your Honors. May it please the Court. My name is Amber Hopkins and I'm with the Office of the State Appellate Defender. Here on behalf of the defendant, Mr. Gordon Moore. Back in 2012, Mr. Moore was convicted of first degree murder. During the pre-trial proceedings, Mr. Moore stated that he blacked out during the events that led to his wife's, Teresa's death. Over time, Moore has recovered these memories. This case now comes to the Court on the summary dismissal of Moore's pro se first stage petition. In Moore's opening brief, he argued that he is actually innocent of first degree murder and instead is entitled to a new trial based either on new evidence of self-defense or new evidence mitigating his conviction. There are two issues in this case and I will mostly be talking about the first one. However, if Your Honors have any questions regarding the second issue, please feel free to ask. As for the first issue, Moore is asking this Court to reverse the summary dismissal of his post-conviction petition and remand the case for second stage proceedings based on two points. First, Moore's recovered memories are arguably newly discovered evidence of actual innocence. And second, Moore's affidavit supports an arguable claim of provocation or imperfect self-defense such that it places the evidence presented at trial in a different light and undercuts the Court's confidence in the factual correctness of the guilty verdict. To my first point, Moore's recovered memories should constitute newly discovered evidence. Generally, courts around the country, including Illinois, have not found that kind of information newly discovered, isn't that right? Upon my look at the case, although there aren't many cases in general talking about this issue, the statement cited to a few, most of them don't find this to be newly discovered evidence. However, Geron specifically said that under certain circumstances this can be considered newly discovered evidence. That's a Utah case? Correct. And in that case, he didn't find it to be newly discovered? Under the facts, but they said under certain circumstances they could find it to be newly discovered. One thing to note with Geron is that it's a motion for a new trial, which is procedurally different than a first stage PC, which we have here. Geron, as I argued in my brief, talks about that it should be considered within the procedural posture of a first stage post-convention proceeding. That means that Mr. Moore should only have to present a gist of explaining arguing for newly discovered or newly recovered memories. Well, it would have to be something that the courts would consider newly discovered, right? Correct, yes. And you would want us to go to where courts have never gone before in Illinois, saying this is newly discovered? In Illinois, correct. Yeah. However, since this is just under the first stage proceeding, he only has to present a low threshold. I understand that, but it's a low threshold, but it has to be something that's a gist. If Illinois' position is this kind of memory recall is not newly discovered evidence, it wouldn't even fit that would it? Correct. But since the courts in Illinois haven't spoken on this issue, this court can't go ahead and speak on that issue. Even if we accepted that it could be newly acquired evidence, what about the record seems to dispel his recovered theory of events, that the wounds to Teresa were such that his claims of how things happened in his efforts said that this was in self-defense really just aren't borne out by the evidence in the record, which would allow for a first stage dismissal. If this court doesn't believe that under the gist standard, Mr. Moore hasn't presented a claim of self-defense, the claim that he has stated that Teresa came at him with his knife is not possibly provided by the record, and that would establish a claim under second degree murder of either provocation or imperfect self-defense. Is a reduction to second degree murder actual innocence? So under Washington, the key of Washington is that actual innocence claims must be supported by new material, non-cumulative evidence that is of such a conclusive character as to probably change the results on retrial. The standard here is couched in terms of probability, because the remedy for successful post-cumulative proceeding is a new trial and not an acquittal. So that's why it's irrelevant, because cases like Ortiz, Washington, and Pullman, among others, saw only the same terms as complete exoneration, but these cases, just like this case, the remedy is the same. It's always a new trial. So procedurally, these claims should be treated, or this claim should be treated just like all of these other claims under the Post-Cumulative Hearing Act, and it should be resolved by sending it back in the ring and allowing Mr. Moore to present evidence for a new trial. Based on everything he's recalling about? Correct. The state is urging this court to adopt the DICTA in one day, which is a second-stage dismissal case, which is founded upon a rash of cases misinterpreting Illinois law. It begins with this court's decision in Savory. This court found that the legislature's use of the phrase actual innocence regarding DNA testing was intended to limit the scope of Section 116.3 to claims of total vindication. However, this view was later rejected by the Illinois Supreme Court. Then, in Barnes-Slater, the First District relied upon the court's rejected analysis in Savory to elucidate the conclusive character element in an actual innocence post-conviction proceeding. Wingate, relying on both of these cases that I've just described, found that actual innocence in a post-conviction proceeding means total exoneration, despite the Illinois Supreme Court's repeated reaffirmation that probability and uncertainty is key in these cases. Therefore, this court should reaffirm the Illinois Supreme Court's analysis in Washington and find that the total exoneration is not required to establish a claim of actual innocence in a post-conviction proceeding or need only show a gist of a claim of provocation or imperfect self-defense that places the evidence at trial in a different light to undercut the factual correctness of the verdict. Going back to the gist standard, under the standard, warning only present newly discovered evidence that's either arguable in law or in facing fact, and more is still not here. He initially stated in the record, both in the PSI and in the record of proceedings, that he didn't remember what happened. He blacked out during his altercation with Teresa. And warned out claims that when she went to leave, she became upset and began hitting him. And he went to protect his face, and he saw that she grabbed his pocketknife and came at him with the knife. He then grabbed her hand and pushed her through the doorway where he fell on top of her. He took the knife back and began stabbing her. Based on the record, this evidence hasn't been possibly rebutted. So the defendant has shown a gist of a claim that he's entitled to a second-degree murder, a trial for second-degree murder. Exactly. A direct appeal, the court held that the evidence failed to establish provocation. Our court did not. Erin Cranning's case won't show the need to exclude the expert testimony regarding the defense of second-degree murder. And in the direct appeal, none of these arguments that he made at that time about provocation and defense were rejected, right? At the time of his direct appeal, he still hadn't remembered what had happened at the period that he blacked out. All the way back into pre-trial proceedings, he has stated that he blacked out and he didn't remember. It wasn't until 2015 that he was able to regain these memories to be able to even assert a defense for provocation or imperfect self-defense. Going back to Geron, this court should not totally adopt Geron, although it does stand for the precept that this court can consider newly discovered evidence. Under certain circumstances, this court should begin to look at it under the... You only want part of the evidence adopted, right? Correct. Parts that aren't too favorable. Well, I want the general flavor of Geron adopted, but I want it to be applied under the gist standard that already exists under Illinois testimony. Because Geron doesn't look at it the way Illinois would tend to look at it. So, if the court looks at it under this gist standard, the defendant needs only to state limited factual detail to be able to support his claims. At the first stage, because it's such a low threshold, Moore has shown in the record that back in 2011 and 2012, he didn't remember these things.  He stated that factual basis, which should be able to get him onto the second or third stage proceedings where counsel would be able to support those allegations with psychiatric evaluations, psychological studies, things of that nature, which Geron suggests was needed in that case, which could be fleshed out here at a later proceeding. Accordingly... Well, in the Utah case, there's just sort of a passing statement that maybe, in some case somewhere, you could do this, right? Correct. That's... because the analysis is totally the opposite of that. They say that he didn't present... he didn't go into due diligence, which I'm saying Moore has the potential to do here just at a later stage in the proceedings. It would be impossible, he's still incarcerated, to present the legal analysis and the support necessary at such a low threshold as needed. Therefore, Moore's... I mean, in the case of... even looking at the American Law Institute, they go into that, generally, the rule that forgetfulness does not ordinarily warrant granted in Utah. Forgetfulness is inconsistent with required diligence. There are cases holding that, too, right? There are cases holding that. However, Mr. Orr isn't claiming that he was forgetful. There's a factual basis in the record that he blacked out at the time, and now he's able to remember what happened when he blacked out. Well, they're using forgetfulness in a sort of a broad sense. I understand. If you didn't remember, now you do remember. Right, but they're using it in some of the broad sense. Overall, Moore is asking that... if there are no further questions, Moore is requesting that this Court reverse his summary, dismissal, and prose for state petition, and remain in the case for second stage proceedings, along with the appointment of counsel. Thank you for your argument, Counsel. Thank you. Counsel, you may make your argument. Thank you. Good afternoon, Your Honor. Mr. Chief of Court, Counsel. Of Your Honor's dismissal of the post-conviction petition of the first stage has to say the gist of the Constitutional claim, and while that is a low threshold, it still, of course, is an actual threshold, and the defendant's claim quite simply cannot mean that threshold did not meet the threshold. That's why it was properly dismissed in terms of the first stage. Of course, as the State argued extensively in its brief, cases across the country have established that recovered memories, but not newly discovered evidence. Illinois has held the same. Court in Williams, the Supreme Court in Williams, Illinois, said that the, quote, dangerous rule, end quote, to bring from the trial on some ex parte statements that new material facts were forgotten. The Court talks about the fraud potential, and that's kind of the theme of all the cases that I cited, the New York case, the Illinois case, the Missouri case, the Utah case, the one in Utah. Well, arguably, 1909 is a lot of stuff. Understandably. I don't see how that would change the analysis of such a claim that it's so easy to disclose such potential for fraud, and, you know, defendants can obviously just come up with the most convenient accounts of what happened after the fact. They can say, you know, playing the whole thing ahead of time. I blacked out. That's why I don't know. Then they can be convicted later. They say, oh, I found, you know, I remember these facts, but they just so happen to all kind of be in my favor, in my benefit. And that's what these courts all talk about. Courts around the world say, oh, it's a thing that's easy, but it's a thing that's hard to disprove. Again, that's a theme. Based on the direction of all those cases, this court should not deviate from the standard that's going on across the country. But those are all pretty old, and we have a lot more technology these days. We know a lot more. We can tell a lot more. Should those be the ones? Should they still control the issue? Absolutely, Your Honor. Your Honor, I think human behavior in this kind of context has not changed in 100 years, 1,000 years. Which human behavior are you talking about? When you're charged with a crime, it could be you fabricate your story and have the later say, oh, now I remember it. So I'm the second bite of the apple because I all of a sudden remember. I think people are just declines who lie when they are back in the corner. So you're saying that can never be a viable argument? It certainly could, but, Your Honor, there isn't a court that has found it to be a viable argument. What counsel is suggesting is that maybe the courts need to revisit this in more modern times. And if this court feels it needs to, then the court is certainly entitled to do so because they can't find anything. There's just nothing that seems to be unique about this case that would justify a deviation from 100 years plus of the established law. Again, like the Jerome case said, it threw out a statement that this could be newly discovered evidence, but it would need to see some technology or some medical evidence that this actually happened, that this information was attempted to be extracted. I heard in my brief that the defendant needs to start assuming that this is even possible and you can even black out any recovered memories that they didn't have before. And the defendant didn't present any of that DNA evidence or any type of affidavit, petition, which I think is further support for his dismissal, regardless of the fact that... This is first stage, right? I understand, Your Honor, yeah. But he still needs to show affidavits or other evidence supporting his claim. There's nothing supporting his claim. He's just saying, I remember it now and it's very convenient to me and let's try this again. Is he in prison? Yes, he is. Who else could do an affidavit on that? He's still capable of obtaining it. He still needs to meet the threshold. And, again, I'm just saying that the Geronic Court threw out that statement and offered ways or a possible way to make this newly discovered, but it didn't say, well, unless you're in prison, then you don't have to meet this. He still needs to meet the standard of that first stage of the conviction. So what do we take as proof, as true? Well, we have to accept that his affidavit is true. We have to accept the fact that it's true. Okay. Your Honor, but there's still no support in the law. I still don't believe even taking it as true that recall of memories established the gist of a constitutional claim. And taking it even farther, even if you accept his facts as true, it doesn't even arguably state the gist of a self-defense claim. As Justice Breyer mentioned from Counsel's argument, defendant's affidavit, the facts that he presents that he now, some remember, support that he got on top of his wife, grabbed his knife, and stabbed her. And in the autopsy results established nine stabs to the chest, two stabs to the neck, and nine stabs to the hands and the wrist, which the forensic scientists who conducted the autopsy testified were called defense-type injuries. I think the record is crystal clear, and even his affidavit is crystal clear, that any threat that his wife may have posed to him was no longer imminent. He was in complete control. He was on top of her with a knife. He stabbed her 20 times. He can't even get his foot in the door of a claim of self-defense here. So if this Court is going to find that recoverable memories could possibly state the gist of a newly discovered evidence claim of actual innocence, then the Court of Circumstance finds that he's arguably presented a self-defense claim in this case. And finally, he alternatively argues that he's presented the gist of a claim that he should get a new trial based on this evidence, potentially mitigating his crime to second-degree murder, which the State submits based on the brief and the thorough argument based on the plea gate, that that does not establish a claim of actual innocence either. I think the procedural posture of this case is identical. We would need to go to the defendant there, make the same arguments here, quite simply asking for a chance for a reduction in your conviction is not a claim of actual innocence. That's what the plea gate stands for. Washington tells me basically the standard of review for such claims, the probability aspect that the counsel is referring to, but it doesn't refer to it. It doesn't stand for what a claim of actual innocence is. The plea gate does. So that's why I have to say I was stressed in this brief on the plea gate. It's still a journal. So the State, for all those foregoing reasons, the State asks for your support. We'll see what we can do about it. That's all I have. If there are any questions. Thank you, counsel. Thank you. Counsel. Just briefly, I'd like to touch on, first, when the Assistant State Attorney talks about this being a convenient petition, Mr. Moore has a basis in the record that dates back from 2011, where he originally claimed that he blacked out. So these types of cases are, this doesn't show that it's a recently concocted scheme. It goes back from 2011. And these types of cases are also applied to a narrow type of defendant. They apply to defendants, first of all, who are raising recovered memory claims, and further, those recovered memory claims that have a basis in the pretrial record. And second, I'd like to touch on that when the plea gate is a departure from the Washington standard, it is a fourth district appellate case, and it does not follow Supreme Court precedent. It is instead interpreting a tangential statute that was ultimately reversed on appeal in the Illinois Supreme Court. If there are any questions. Mr. Moore would like to ask the support to reverse the first stage summary dismissal and remand for second stage proceedings in the Appellate Counsel. Thank you. Thank you both for your arguments. And now the Court will take a recess until the next call. Thank you.